IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NORIS W. JOHNSON, Individually and on behalf of all those similarly situated Plaintiffs, <br><br> VS. <br><br><br><br> EXPLO SYSTEMS, INC. Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. _____ <br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Norris W. Johnson, individually and on behalf of a class of all others similarly situated, complain of the Defendant, Explo Systems, Inc. as follows:

### INTRODUCTION

1. Plaintiff, Norris W. Johnson, files this collective action seeking recovery of unpaid wages and overtime wages for himself, and for all those similarly situated to him, that are required to be paid under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et. seq.* Plaintiff alleges that he, and those similarly situated to him, did not receive their wages or overtime pay for all hours worked in excess of forty (40) hours per workweek. Specifically, Defendant failed to account for and pay Plaintiff, and all those similarly situated to him, for all time spent where they were engaged in preparatory and concluding activities that were integral and indispensable to the principal activities being performed by Plaintiff and those similarly situated to him. Plaintiff files this suit as a collective action pursuant to 29 U.S.C. § 216(b) and seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid their

regular wages and overtime wages for all time worked in excess of forty (40) hours per workweek. For himself and all those similarly situated, Plaintiff seeks unpaid regular and overtime wages, liquidated damages, attorney's fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.   Plaintiff, Norris W. Johnson, is a resident of Waskom, Texas. Plaintiff brings this action individually, on his own behalf, and pursuant to 29 U.S.C. § 216 (b) as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Defendant, Explo Systems, Inc., is a foreign corporation doing business in Louisiana, since 2001. Defendant, Explo Systems, Inc., may be served by delivering a copy of this complaint to its registered agent for service, John M. Frazier, 333 Texas St., Suite 2350, Shreveport, Louisiana 71101.

## JURISDICTION AND VENUE

3.   This court has jurisdiction by virtue of 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. The Defendant's plant is located at 1600 Java Rd., Minden, Louisiana 71055, which is in the Western District of Louisiana, Shreveport Division. Plaintiff was employed at the Explo Systems plant in Minden, Louisiana. This Court has subject matter jurisdiction and personal jurisdiction to hear the case pursuant to 29 U.S.C. 201, *et seq.*

## FACTS

4.   Plaintiff, Norris W. Johnson, was employed as a "lead man" while working for Defendant, Explo Systems, Inc. Mr. Johnson worked for Defendant from August 2004 to August 2006. Mr. Johnson's work schedule was "four-days-on-four-days-off" for twelve hours each work day. Mr. Johnson's job duties required him to work with and be exposed to materials used

in making explosives. Thus, Mr. Johnson was required to wear personal protective equipment and gear as a safety precaution. Mr. Johnson was required to wear blue jeans/denim pants, a face mask, safety glasses, cotton gloves, and boots. At the end of his shift Mr. Johnson was required to take off all his protective gear and equipment. Then Mr. Johnson would place all or some of his protective gear and equipment in his locker or a laundry bag to be washed. Next, Mr. Johnson would shower, which took approximately thirty (30) minutes. In violation of the FLSA, Mr. Johnson was not compensated for the time he spent after his shift taking off his protective gear and equipment, taking a shower, or dressing in order to leave the plant.

5. Mr. Johnson and those similarly situated, were not compensated for engaging in aforesaid activities in violation of the FLSA and the evidence at trial will show the same. Mr. Johnson alleges that he and all those similarly situated, regularly and consistently worked more than forty (40) hours per week with Defendant's knowledge of the work activities described herein and for which Defendant does not and has not paid Mr. Johnson and all those similarly situated. Mr. Johnson and all those similarly situated allege that they were not paid regular wages and/or overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours in a work week. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required regular and/or overtime rate for hours worked beyond forty (40) hours per week to employees in the United States in violation of the FLSA statutes referenced herein.

6. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203.

7. At all times hereinafter mentioned, Mr. Johnson was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §206-207.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

8. During the relevant period, and by way of the facts set forth above, Defendant violated and continues to violate the provisions of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees, either separately or jointly, in an enterprise or in enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their hours worked in excess of forty (40) hours per week at rates no less than one and one- half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and all others similarly situated in accordance with the law.

## COLLECTIVE ACTION

5. Pursuant to 29 U.S.C. § 216 (b), Plaintiff, Norris W. Johnson brings this action on his own behalf and on behalf of those similarly situated to him (hereinafter "Potential Plaintiffs"). Potential Plaintiffs have also been denied regular pay and/or overtime pay for hours worked over forty (40) hours in a week as a result of Defendant's failure to properly count hours worked as described in Paragraphs 4 through 7 of this Complaint. As such, the Potential Plaintiffs are similar to Mr. Johnson in terms of job duties and pay provisions, and the Potential Plaintiffs are similar to Mr. Johnson in the denial of regular and/or overtime pay when required to work over forty (40) hours in a workweek.

6. Defendant's have suffered, permitted, and/or required Potential Plaintiffs to work hours without fully compensating them for their time worked in furtherance of Defendant's business.

7. Defendant's failure to pay regular and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal

circumstances of the Potential Plaintiffs. Mr. Johnson's experiences are typical of the experiences of the Potential Plaintiffs.

8. The specific job titles of each Class Member do not prevent collective treatment. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts. The question(s) of law and fact are common to Mr. Johnson and the Potential Plaintiffs.

9. As a collective action, Mr. Johnson seeks this Court's appointment and/or designation as representative of a group of similarly situated employees of Defendant who were not paid for all hours worked as described herein. Defendant's failure to pay overtime in accordance with the FLSA is common to all hourly- paid employees in Defendant' s various distribution center where those employees are paid according to line time or shift time and are not compensated for the time they spend performing the activities described in Paragraphs 4 through 7 of this Complaint.

## JURY DEMAND

10. Plaintiff individually and on behalf of those similarly situated, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Norris W. Johnson prays that the class be certified and that the Plaintiff and each member of the class recover from Defendant, Explo Systems, Inc., the following:

1. Compensation for all hours worked at a rate not less than the applicable minimum wage;
2. Overtime compensation for all unpaid hours worked in excess of forty (40) hours at the rate of one and one half times their regular rates;
3. All paid wages and overtime compensation;
4. An equal amount as liquidated damages as allowed under the FLSA;
5. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;
6. Post judgment interest at the highest rates allowed by law; and
7. Such other relief as to which Plaintiff and the opt-in Plaintiffs may be entitled.

Respectfully submitted,

*[signature]*

Robert L. Salim
Louisiana Bar No. 11663
1762 Texas St.
Natchitoches, Louisiana 71457-3429
(318) 352-5999
(318) 352-5998 Facsimile

**ATTORNEY FOR PLAINTIFF**