UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NORRIS JOHNSON                           CIVIL ACTION NO. 08-cv-1332

VERSUS                                   REFERRED TO:

EXPLO SYSTEMS, INC.                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

The court earlier granted a motion to permit limited discovery and notice to potential plaintiffs in this FLSA case. The court declined to adopt the form of notice proposed by Plaintiff, and the parties were directed to make revisions and attempt to agree on a form. Plaintiff then filed what was titled a Joint Motion to Adopt Notice Form (Doc. 27), but when disagreements were raised by Defendant, Plaintiff followed with an Amended Motion to Adopt Notice Form (Doc. 28).

The first disagreement regards the "Description of the Lawsuit" portion of the notice. The original complaint contained a general allegation that Plaintiff did not receive all wages or overtime pay due under law for time spent "engaged in preparatory and concluding activities that were integral and indispensable to the principal activities being performed by Plaintiff and to those similarly situated to him." Complaint, ¶ 1. That language, found in the "Introduction" paragraph of the complaint, is the only reference to preparatory activities. In the "Facts" portion of the complaint, Plaintiff speaks only of activities at the "end of his shift" and complains that he "was not compensated for the time he spent after his shift taking

off his protective gear and equipment, taking a shower, or dressing in order to leave the plant."

Consistent with the allegations of the complaint, Plaintiff proposes that the notice be sent to certain employees "who were required to change clothes and shower at the end of each shift." However, the "Description of the Lawsuit" portion of the notice states that the claims relate to "time spent putting on and taking off clothing before and after their shift, working during unpaid break times, washing activities time, and walking time to and from break areas or locker room areas." Plaintiff argues that the form of the notice is within the discretion of the court and that liberal pleading standards should permit this broader description of the claims, considering that affidavits submitted during the certification briefing included testimony about such matters.

The court finds that the best exercise of its discretion is to have the notice adhere to the facts alleged in the complaint, which Plaintiff has not sought to amend to clearly allege any claims beyond those related to the end of his shift. The court is extraordinarily reluctant to describe the claims in a broader fashion in the notice sent to potential plaintiffs. Any confusion among the plaintiffs in a class or collective action about the scope of the claims may lead to a great deal of wasted court and attorney time. Accordingly, the court adopts the "Description of the Lawsuit" portion of Defendant's proposed form of notice. See Doc. 30. Defendant's version is also preferable because it describes the lawsuit in terms of what is

alleged or claimed by Plaintiff, as opposed to stating as fact that Plaintiff and others were not paid for all overtime work.

Defendant next objects to having the caption of this suit appear on the notice because of the danger that it might be perceived as a judicial endorsement of the action. The court finds that it is beneficial and informative to the reader to have the caption at the beginning of the document. Any concern about a perception of judicial endorsement is addressed by the paragraph in the notice under the heading "Court Takes No Position." Defendant asks that the "Court Takes No Position" paragraph be moved to immediately follow the "Description of the Lawsuit" section. That request is granted, and the notice shall be so modified.

The court notes that the proposed "Consent to Join Suit" form contains two errors in the final paragraph, which tells the potential plaintiffs where to file the form. The proposed consent form refers to Robert H. Shemwell as the Clerk of Court, but Mr. Shemwell recently retired and was replaced by Tony R. Moore. The next line of the address refers to the U.S. Clerk *or* Court, which obviously should read U.S. Clerk *of* Court. Plaintiff is ordered to correct the form with respect to these matters.

The **Joint Motion to Adopt Notice Form (Doc. 27)** is **denied as moot**. The **Amended Motion to Adopt Notice Form (Doc. 28)** is **granted in part** and **denied in part**, as set forth above. Plaintiff's counsel is directed to modify the notice and consent form as set forth in this order and send the modified documents to counsel for Defendant, who is

directed to review the documents as promptly as possible and advise counsel for Plaintiff in writing (or email) whether counsel for Defendant finds the documents to be in compliance with this order. The notice is not to be issued until it is certain that counsel agree the documents are in compliance. Counsel for Plaintiff is directed to advise the court in writing when notice has issued and what the deadline is for filing a "Consent to Join Suit" form.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE