UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NORRIS JOHNSON, ET AL                  CIVIL ACTION NO. 08-cv-1332

VERSUS

EXPLO SYSTEMS, INC.                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Norris Johnson, on behalf of himself and other similarly situated employees, commenced this collective action under the Fair Labor Standards Act in September 2008. Since then, notice has issued to potential plaintiffs, several have joined the suit, and the deadline for filing amendments to the pleadings has passed. Plaintiffs nonetheless filed a Motion for Leave to Amend Complaint (Doc. 77) that did not give any particular indication of what was being changed. The motion stated only that Plaintiffs wanted to "allege particular facts to support its claims which have been revealed in discovery taken in this case."

The court noticed the motion to permit Defendant an opportunity to oppose it, but no timely opposition was filed. The court then granted the motion. Defendant has now filed a tardy opposition, citing a calendaring mistake, and a Motion to Reconsider (Doc. 81) the order that granted leave to amend. Defendant argues that the original complaint focused on *post*-shift activities such as the doffing of personal protection equipment, showering, and changing clothes, and the proposed amendment has new allegations regarding *pre*-shift

donning of protective gear. The principal change appears to be the new allegation in ¶ 4 of the Amended Complaint that: "Additionally, Plaintiff and those similarly situated were required to show up for their shifts prior to the beginning of their paid work time in order to don their PPE and/or change into work clothes and walk to their work stations, all of which was unpaid work time."

This issue was discussed back in May 2009 when counsel for Mr. Johnson proposed sending a notice to potential plaintiffs that described the suit as including allegations that proper pay was not made for time spent engaged in both preparatory and concluding activities. The court noted that the original complaint contained a reference to preparatory activities in paragraph one (the Introduction), but the "Facts" portion of the complaint spoke only of activities at the end of the shift such as removing protective gear, taking a shower, and dressing to leave the plant. The court found that the notice should adhere to the facts alleged in the complaint, which the court noted Plaintiff "has not sought to amend to clearly allege any claim beyond those related to the end of his shift." Doc. 33.

The notice to potential plaintiffs issued, and Defendant reports that a total of 55 plaintiffs timely opted in, and one submitted a tardy opt-in form. Discovery has proceeded, with eight plaintiffs being deposed. After a conference with counsel, the court issued a Scheduling Order (Doc. 69) in April 2010. The schedule stated that the time for joinder of parties and amendment of pleadings was closed. An Amended Scheduling Order (Doc. 76) issued in January 2011, and it provided the same. Plaintiffs did not present their Motion for

Leave to Amend until late February 2011, almost two years after the court noted that Plaintiffs had not moved to amend to make such allegations.

When the court has issued a scheduling order that set a deadline for amendment of pleadings and that deadline is passed, the party who seeks to amend his pleading must first demonstrate good cause to modify the scheduling order before the liberal standards of Rule 15 will apply to the court's decision to grant or deny leave.  <u>S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA</u>, 315 F.3d 533, 536 (5th Cir. 2003).  Plaintiffs have not provided any explanation for their failure to move for such an amendment earlier in the case. The issue has been readily apparent for several months, and Defendant would be prejudiced because it has already taken eight of the 10 depositions of plaintiffs that the court allowed. Defendant was not aware when questioning those deponents that they would attempt to assert a donning claim, so he likely did not focus questions on those issues.  A continuance could be granted, together with modifications to the Scheduling Order to perhaps accommodate the amendment, but this case is already among the older cases on the court's docket, so the court intends to stick to the current trial setting for September 26, 2011. An issue would also arise as to whether another notice would have to issue to potential plaintiffs because of the change in the scope of the claim.  Furthermore, the undersigned recently granted summary judgment for an employer in a similar case that sought compensation for time spent donning and doffing basic safety gear. The rationale was that donning and doffing basic safety clothing and gear are not principal activities and were non-compensable tasks under the Portal to

Portal Act. Isreal v. Raeford Farms of Louisiana, LLC, 2011 WL 1188698 (W.D. La. 2011). That decision makes the proposed amendment subject to a futility argument, in addition to the timeliness objection.

After consideration of all of these factors, the court finds that Plaintiffs have not shown good cause for the untimely amendment. The **Motion to Reconsider (Doc. 81) is granted**. The court **vacates** its prior order (Doc. 79) that granted the **Motion for Leave to Amend (Doc. 77)** and, instead, hereby **denies** the Motion for Leave to Amend.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of April, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE